IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID WELLINGTON,

    Plaintiff,

v.                                                                      No. 1:22-cv-00514-WJ-KK

MARGARET LAKE,
MTGLQ INVESTORS, LP, and
SOLOMON KROTZER,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

After removal from state court, Defendants MTGLQ Investors, LP and Solomon Krotzer filed a motion to dismiss this case. *See* Motion to Dismiss, Doc. 6, filed August 2, 2022. Plaintiff, who is proceeding *pro se*, filed a motion to remand the case to state court. *See* Motion to Remand Case, Doc. 8, August 11, 2022.

## BACKGROUND

This action, *MTGLQ IV*, is the fourth of four related actions in the District of New Mexico. The first action arose out of a foreclosure action filed against *Monica* Wellington in 2017. *See MTGLQ Investors, LP v. Monica Wellington*, No. 1:17-cv-00487-KG-LF ("*MTGLQ I*"). Plaintiff *David* Wellington, the brother of Monica Wellington who asserts a property interest in the subject property, initiated the other three related actions.

## *MTGLQ I*

United States District Judge Kenneth Gonzales denied Plaintiff David Wellington's motion to intervene in *MTGLQ I* after finding that although Plaintiff David Wellington presented evidence he has an interest in the subject property, he was not entitled to intervene because his interest was

adequately represented by his sister Monica Wellington.  *See* Doc. 77, filed June 6, 2018, in *MTGLQ Investors*.  Plaintiff did not appeal Judge Gonzales' order denying Plaintiff's motion to intervene.  *See Plain v. Murphy Family Farms*, 296 F.3d 975, 980 (10th Cir. 2002) ("An order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action").

Judge Gonzales subsequently entered a judgment of foreclosure and sale against Monica Wellington and in favor of MTGLQ Investors.  *See* Doc. 204, filed December 20, 2019, in *MTGLQ I*.  Judge Gonzales also appointed Defendant Margaret Lake as special master to conduct the sale of the subject property, after giving Monica Wellington an opportunity to object to the proposed order appointing Margaret Lake as special master.  *See id.*

The Court of Appeals for the Tenth Circuit affirmed the "judgment of foreclosure and sale and other rulings" on March 31, 2021.  Doc. 235-1, filed May 5, 2021, in *MTGLQ I*.[1]

After the Tenth Circuit affirmed the judgment of foreclosure, Judge Gonzales entered two orders from which Plaintiff's sister has appealed.  The first granted MTGLQ's motion to approve the foreclosure sale and discharge the Special Master.  *See* Doc. 257, filed May 19, 2022, in *MTGLQ I*.  The second denied Plaintiff's sister's motion to vacate the order approving the sale and denied her motion to disqualify Judge Gonzales.  *See* Doc. 262, filed June 2, 2022, in *MTGLQ I*.  Plaintiff's sister's appeal of those orders remains pending.  In her motion to disqualify Judge Gonzales Plaintiff's sister raised the issue of Defendant Lake's alleged unauthorized practice of law.  *See* Doc. 259 at 3-5, filed May 24, 2022, in *MTGLQ I* (stating "Since Lake is not an attorney,

---

[1] Although *MTGLQ I* is still pending in this Court, the Court of Appeals for the Tenth Circuit stated: "Having reviewed the parties' submissions, the record, and the relevant law, we conclude that the only matters left for the district court's determination are ancillary to the Judgment of Foreclosure, and therefore the Judgment is final for purposes of our jurisdiction under 28 U.S.C. § 1291." Doc. 235-1, filed May 5, 2021, in *MTGLQ I*.

her act of drafting and executing the 'Special Master Deed' was in violation of the New Mexico [Unauthorized Practice of Law statute]" and "Judge Gonzales' act of approving Lake's Sale Report, and especially the Special Master's Deed, would be another step in ratifying and assisting in the UPL violation by Lake").

*MTGLQ II*

Plaintiff filed the second action, *MTGLQ II*, in state court on March 4, 2021, seeking to quiet title on the property that was the subject of the foreclosure action in *MTGLQ I*.  *See* Notice of Removal*,* Doc. 1-1 at 1, filed April 9, 2021, in *Wellington v. Profolio Home Mortgage Corp.*, No. 1:21-cv-00322-JB-GBW ("*MTGLQ II*").  After MTGLQ removed the case from state court United States District Judge James O. Browning dismissed *MTGLQ II* without prejudice.  *See* Doc. 25, filed January 10, 2022, in *MTGLQ II*.

*MTGLQ III*

Plaintiff brought the third action pursuant to Rule 60(d).  *See* Complaint for Relief from Judgment at 1, Doc. 1, filed January 31, 2022, in Wellington v. MTGLQ Investors, LP and Margaret Lake, No. 1:22-cv-00069-KK ("*MTGLQ III*").

> Rule 60 contains a saving clause that provides that the rule "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed.R.Civ.P. 60(d). The Supreme Court has explained that "an independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly,* 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). To prevent the Rule 60 restrictions from "be[ing] set at naught," independent actions must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Id.* (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). Thus, we have noted that the independent-action clause provides only a "narrow avenue." *Buck,* 281 F.3d at 1341.

*Sindar v. Garden*, 284 Fed.Appx. 591, 596-97 (10th Cir. 2008).  *MTGLQ III* is currently pending.

*MTGLQ IV*

3

Plaintiff, who is proceeding *pro se*, initiated this action in state court seeking a declaratory judgment that the foreclosure judgment is void against Plaintiff and judgment that Defendants Lake and Krotzer are liable to Plaintiff. *See* Complaint, Doc. 1-1, filed July 13, 2022. Plaintiff alleges that Defendant Lake, by preparing and executing the "Special Master's Deed," violated the prohibition against the unauthorized practice of law in N.M.S.A. § 36-2-27 and if the deed conveyed Plaintiff's rights in the property, Defendant Lake is liable for the value of the property rights. Complaint at 6-7, ¶¶ 23-24 (stating "due directly or indirectly to the actions of defendant Lake, at a minimum, plaintiff lost the ability to claim his homestead exemption, worth $60,000. He also lost the value of his rights in the property, which would be worth at least $100,000"). Plaintiff also seeks damages from Defendant Krotzer, an attorney who represented Defendant MTGLQ in *MTGLQ I*, for assisting Defendant Lake in violating New Mexico's prohibition against the unauthorized practice of law. *See* Complaint at 9.

## MOTION TO REMAND

Defendant MTGLQ removed this action from state court on the grounds of complete diversity stating that Defendant Lake "was fraudulently joined so adding her as a defendant does not defeat diversity." Notice of Removal at 2, Doc. 1, filed July 13, 2022.

Plaintiff, who resides in New Mexico, asks the Court to remand this case to state court asserting the Court does not have diversity jurisdiction because:

(i)   There is no diversity of citizenship because Defendant Lake is a citizen of New Mexico and was not fraudulently joined;

(ii)  There is no evidence of Defendant Krotzer's citizenship and thus there is automatically a presumption against diversity; and

4

(iii)   MTGLQ failed to prove the amount in controversy exceeds the jurisdictional amount of $75,000.00.

*See* Motion to Remand. Plaintiff does not assert that MTGLQ is a citizen of New Mexico. The Notice of Removal states that the "citizenship of a limited partnership such as MTGLQ is determined by the citizenship of its partners" and that MTGLQ has one limited partner which is a Delaware corporation and one general partner which is a Delaware limited liability company, and that the principal place of business for MTGLQ and its partners is New York, New York. See Notice of Removal at 3-4, ¶ 11.

**Defendant Lake**

Defendant MTGLQ removed this case stating:

Defendant Margaret Lake is the court-appointed special master in Case No. 1:17-cv-00487. She has been discharged from her duties. See Order Approving Sale [Doc. 257] entered in Case No. 1:17-cv-00487. The foreclosure sale already took place and the district court approved the sale. *Id.* Other than her involvement as the court-appointed special master in the judgment entered in [*MTGLQ I*] she has no involvement with the subject property or David Wellington. Given these facts, she is a nominal party and/or was fraudulently joined.

Notice of Removal at 4, ¶ 13.

Fraudulent joinder need not involve actual fraud in the technical sense. Instead, it can occur when the plaintiff joins a "resident defendant against whom no cause of action is stated" in order to prevent removal under a federal court's diversity jurisdiction. *Dodd v. Fawcett Pubs., Inc.,* 329 F.2d 82, 85 (10th Cir.1964). When this occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes.

In general, the removing party must show that the plaintiff has "no cause of action" against the fraudulently joined defendant. *See id.; Roe v. Gen. Am. Life Ins. Co.,* 712 F.2d 450, 452 n. * (10th Cir.1983). The objective, however, is not to pre-try the merits of the plaintiff's claims. As the Third Circuit put it, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 853 (3d Cir.1992). But neither is the court compelled to believe whatever the plaintiff says in his complaint. Rather, "upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder,

5

> although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, Rock Island and Pac. R.R. Co.,* 378 F.2d 879, 881–82 (10th Cir.1967).
>
> As this court has further explained: "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Lenon v. St. Paul Mercury Ins. Co.,* 136 F.3d 1365, 1369 (10th Cir.1998) (internal quotation marks omitted).

*Brazell v. Waite*, 525 Fed.Appx. 878, 881 (10th Cir. 2013).

Plaintiff argues:

> The removal notice in the instant case fails to explain how the facts and circumstances in *Brazzel* have anything whatever to do with the claims made in this case. The claim made against Margaret Lake is for the unauthorized practice of law because she is a non-lawyer who did things that are restricted to the legal profession, among them, making determinations and conclusions of law in determining what laws were supposed to be followed in making a real estate transaction, and writing a real estate title document as a third-party. Not only is this claim far from being 'easily determined' to be facially invalid, but the Complaint cites New Mexico Supreme Court authority (*State Bar of N.M. v. Guardian Abstract & Title Co.*, 9l N.M. 434 (SC 1978)) which shows Lake's actions as a non-attorney are indeed violations of the unauthorized practice of law in New Mexico. From this, it can hardly be concluded the claim against Lake is totally meritless or 'fraudulent' for purposes of a diversity of citizenship claim. Therefore, it cannot be summarily disregarded, and there is no complete diversity of citizenship.

Motion to Amend at 5.

The Court finds that although the unauthorized practice of law claim against Defendant Lake appears fair on its face, the claim is a sham or fraudulent device to prevent removal. After Judge Gonzales found that Plaintiff's sister adequately represented Plaintiff's interests and denied Plaintiff's motion to intervene in *MTGLQ I*, Plaintiff failed to appeal Judge Gonzales' order denying Plaintiff's motion to intervene. The Court of Appeals for the Tenth Circuit affirmed the judgment of foreclosure and sale in *MTGLQ I*. As is discussed in detail below regarding MTGLQ's Motion to Dismiss, Plaintiff is precluded from bringing his unauthorized practice of law claim

against Defendant Lake because he is in privity with his sister who could have brought the unauthorized practice of law claim in *MTGLQ I*.

**Defendant Krotzer**

Defendant Krotzer was counsel for Defendant MTGLQ in *MTGLQ I*. The Notice of Removal states "Mr. Krotzer is a resident [o]f Arizona." Doc. 1 at 12, ¶ 12. Plaintiff argues that there is "no evidence of his citizenship." Motion at 5. MTGLQ filed Mr. Krotzer's Declaration which states he "currently reside[s] in Arizona and ha[s] lived exclusively in Arizona since 2002." Declaration of Solomon Krotzer at 1, ¶ 3, Doc. 13-3, filed August 25, 2022 (filed with Defendant MTGLQ's Response). In his Reply, Plaintiff does not dispute Defendant Krotzer's Arizona citizenship. The Court finds that Defendant Krotzer is a citizen of Arizona.

**Amount in Controversy**

> Plaintiff's entire argument regarding the amount in controversy states:
>
> The removal notice argues the amount in controversy exceeds $75,000 because the relief requested is to 'determine that the foreclosure judgement is void, which would wipe out MTGLQ's security interest in the property'; and the value of the 'security interest' exceeds $75,000. The contention that plaintiff is seeking a 'determination that the foreclosure judgment is void' is simply false. The sole relief sought is a determination that the judgment is ineffective *solely against plaintiff*.
>
> Counsel for MTGLQ cites absolutely no authority for his amount-in-controversy theory. As the removing party, the burden is on MTGLQ for proving the amount in controversy. It has failed to do so.[1]

Motion to Remand at 6 (emphasis in original). Footnote 1 in the preceding quote states: "Also, when calculating an amount in controversy, a court may not 'aggregate independent claims against multiple defendants.' *Martinez v. Martinez*, 2010 U.S. Dist. LEXIS 38109, 2010 1608884, at * 18 (D.N.M. Mar. 30, 2010) (Browning, J.) (citing Wright & Miller, Federal Practice and Procedure: Jurisdiction § 3704, at 146-50 (3d ed. 2009))." Motion to Remand at 6.

The Notice of Removal establishes that the amount in controversy exceeds $75,000.

7

> "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995). Once it is shown that the amount in controversy may be greater than $75,000, the case belongs in federal court "unless it is legally certain that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954 (internal quotation marks omitted).

*Chen v. Dillard Store Services, Inc.*, 579 Fed.Appx. 618, 620-21 (10th Cir. 2014). The Complaint does not seek damages against MTGLQ. The Notice of Removal states:

> The amount in controversy exceeds $75,000 because the relief requested is to "determine that the foreclosure judgment is void" which would in effect wipe out MTGLQ's security interest in the subject property. The value of [MTGLQ's] security interest is at least $199,229.21 as set forth in the Judgment of Foreclosure and Sale filed as Doc. 204 in [MTGLQ I], a true and correct copy of which is attached as Exhibit B.

Notice of Removal at 5, ¶ 15. The Notice of Removal does not aggregate independent claims against multiple defendants because the security interest pertains solely to MTGLQ.

**Conclusion**

The Court concludes it has diversity jurisdiction over this case and denies Plaintiff's Motion to Remand. The Court finds that Defendant Lake was fraudulently joined and disregards the citizenship of Defendant Lake. The Court also finds that there is complete diversity between Plaintiff and Defendants MTGLQ and Krotzer. The amount in controversy exceeds the $75,000.00 jurisdictional amount.

## MOTION TO DISMISS

Defendants MTGLQ and Krotzer move to dismiss this case with prejudice as to all Defendants as barred by *res judicata*.

Plaintiff opposes the Motion to Dismiss on the following grounds: (i) The Court lacks diversity jurisdiction; and (ii) The Motion to Dismiss seeks dismissal of the entire matter against all Defendant, but counsel for Movant MTGLQ has not appeared on behalf of Defendants Lake

8

and Krotzer.  Plaintiff does not address MTGLQ's argument that his claims are barred by *res judicata*.

**Diversity Jurisdiction**

The Court has concluded, as discussed above regarding Plaintiff's Motion to Remand, that it has diversity jurisdiction over this matter.

**MTGLQ's Counsel**

Plaintiff's argues that the Court should disregard MTGLQ's arguments on behalf of Defendants Lake and Krotzer because MTGLQ's counsel has not entered an appearance on behalf of Defendants Lake and Krotzer.  The only authority Plaintiff cites in support of his argument is a New Mexico statute which provides:

> The court may, on motion of either party and on showing of reasonable grounds thereof, require the attorney for the adverse party or for any one of the several adverse parties to produce or prove by his oath or otherwise the authority under which he appears and until he does so, may stay all proceedings by him on behalf of the parties for whom he assumes to appear.

N.M.S.A. § 36-2-12.  The New Mexico statute permits but does not require the Court to stay proceedings until the adverse party produces the authority under which he appears.  Furthermore, "In diversity cases, the *Erie* doctrine instructs that federal courts must apply state substantive law and federal procedural law."  *Racher v. Westlake Nursing Home Limited Partnership*, 871 F.3d 1152, 1162 (10th Cir. 2017).  The Court denies Plaintiff's request to "stay any further proceedings ... and order defense counsel to provide the authority under which he claims to appear (especially for Lake and Krotzer), as provided in NM Stat § 36-2-12."  Response at 2; *see Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

**Res Judicata**

The Court dismisses this case as barred by *res judicata*:

> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017).

Plaintiff has not addressed MTGLQ's argument that his claims are barred by *res judicata*. Plaintiff seeks to litigate claims that were or could have been litigated in *MTGLQ I*. Plaintiff's claims in this case arise from the same facts giving rise to *MTGLQ I*. Judge Gonzales found that Plaintiff's "objective in [*MTGLQ I*] is identical to that of [Plaintiff's sister]." Doc. 77 at 6, filed June 6, 2018, in *MTGLQ I* (denying Plaintiff's motion to intervene). Plaintiff's sister had a full and fair opportunity to litigate the claims in *MTGLQ I*. There is a final judgment on the merits in *MTGLQ I* which has been affirmed by the Tenth Circuit.

**IT IS ORDERED THAT:**

(i)  Plaintiff's Motion to Remand Case, Doc. 8, August 11, 2022, is **DENIED.**

(ii) Defendants MTGLQ Investors, LP and Solomon Krotzer's Motion to Dismiss, Doc. 6, filed August 2, 2022, is **GRANTED.**

(iii) This case is hereby **DISMISSED with prejudice.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**